IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v. : Criminal Case No. DKC 18-485
Civil Action No. DKC 20-3030

JASON KISER

**MEMORANDUM OPINION**

Jason Kiser pled guilty on April 22, 2019, pursuant to a plea agreement under Fed.Crim.R. 11(c)(1)(C), to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and retaliation against a witness, in violation of 18 U.S.C. § 1513(b)(2). He was sentenced on September 23, 2019, to 96 months in prison, concurrent on both counts. He did not appeal. The Clerk received a letter from Mr. Kiser on October 16, 2020, requesting the appointment of the public defender to assist him in filing a motion to vacate under 28 U.S.C. § 2255 and citing *Rehaif v. United States*, 139 S.Ct. 2191 (2019). (ECF No. 67).[1]

The court issued an Order on April 6, 2022, providing Mr. Kiser twenty-eight (28) days to notify the court if he objects to construing the letter as a motion to vacate pursuant to 18 U.S.C. § 2255. (ECF No. 68). He was forewarned that if he failed to raise a timely objection, the court would consider the letter as such. To date, Mr. Kiser has not filed a response and the time to

[1] The motion is dated October 11, 2020. The postmark on the accompanying envelope is October 13, 2020.

do so has expired. Accordingly, the court will construe Mr. Kiser's letter as a motion to vacate pursuant to 18 U.S.C. § 2255.

The motion was filed more than a year after his conviction became final, and, ordinarily, a one-year filing period applies. Although a new Supreme Court decision may enable a petitioner to file a motion to vacate more than one year after his conviction became final, this motion was filed more than a year after that decision as well. Thus, it is untimely. Moreover, even if timely, procedural default would bar consideration of the merits. If a claim was not raised on direct appeal, it may not be raised on collateral review unless the movant can demonstrate cause and prejudice, or actual innocence. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Actual innocence means factual innocence, and not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-34 (1998).

Under the circumstances here, as will be explained, Mr. Kiser cannot overcome that hurdle.

In *Greer v. United States*, 141 S. Ct. 2090, 2100, 210 L. Ed. 2d 121 (2021), the Court held, as to cases on direct appeal:

> In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon. When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant has carried the burden of showing a "reasonable probability" that the outcome of the district court proceeding would have been different. Because *Greer* and *Gary* did not make any such argument or representation on appeal in these cases, they have not satisfied the plain-error test.

In the § 2255 context, this means that Mr. Kiser must demonstrate "actual prejudice" in order to pursue the claim:

> To demonstrate actual prejudice, he would need to show that, if the Court "had correctly advised him of the *mens rea* element of his offense, there is a reasonable probability that he would not have pled guilty." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted). In assessing that probability, the Court presumes that Plater was aware of his status as felon. *See id.* (reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon"). Plater has not provided evidence that would tend to show he was unaware of his felon status at the time he possessed his firearm. *See, e.g.*, *United States v. Crawley*, No. CR JPJ 15-001, 2021 WL 2910724, at *3 (W.D. Va. July 12, 2021) (finding no actual prejudice from a *Rehaif* error where defendant failed to provide evidence negating knowledge of his status as a felon); *Rios v. United*

> *States*, No. CR FL 17-139-1, 2022 WL 256486, at *2 (E.D.N.C. Jan. 26, 2022) (same).

*United States v. Plater*, No. CR PJM 13-0622, 2022 WL 912396, at *3 (D. Md. Mar. 29, 2022). Here, Mr. Kiser served more than a year in prison on the following convictions: 1) regulated firearm: illegal possession in the Circuit Court for Carroll County, Maryland; 2) car theft in the Circuit Court for Baltimore City, Maryland; and 3) fourth degree burglary-dwelling in the Circuit Court for Frederick County, Maryland.[2]

*Rehaif* was decided almost three months prior to Mr. Kiser's sentencing proceeding, and, although the Indictment and plea discussions took place earlier, the new decision did not affect the calculus of his decision. Given his criminal history, as in *Plater*, he cannot demonstrate a reasonable probability that he would not have entered a guilty plea had he been informed of the Government's burden to prove knowledge of his prior conviction(s) and his motion to vacate will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a

---

[2] The presentence report verifies those prior convictions.

"jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Upon review of the record, the court finds that Mr. Kiser does not satisfy the above standard. Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner. A separate order will follow.

June 10, 2022

/s/
DEBORAH K. CHASANOW
United States District Judge